UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v.               )<br>)<br>)<br>Damien Hess          )<br>) | CR. NO. 13-10275-PBS |

Motion for Transfer for Trial

Now comes counsel moves for a change of venue to the United States District Court Central Division Los Angeles California. A change of venue is in the interests of justice.

Federal rule 21(b) provides that:

> "For the convenience of parties and witnesses, and in the interest of justice, the court upon motion of the defendant may transfer the proceedings…"

See, for a discussion of above Rule, **United States** v. Jobe, 487 **F.2d** 268, 269-70 (10th Cir. 1973), cert. denied, 416 U.S. 955, 94 S.Ct. 1968, 40 L.Ed.**2d** 305 (1974); Wheeler v. **United States**, 382 **F.2d** 998, 1001-02 (10th Cir. 1967).

The factors to consider in determining whether this motion should be granted are as follows:

(1) The location of defendant's and witnesses: The defendant in this case lives in California and lived in California when he was indicted in this case and was only arraigned by video and has never appeared in Massachusetts in this case. All of his witnesses including bankers are located in the western part of the country as well
(2) location of the offense an issue: Most of the alleged fraud took place in California. The case has only a very tenuous relationship to Massachusetts as only two of the alleged victims live here and the website hosting company is evidently in Massachusetts but the prosecution has not demonstrated any proof of this. The company involved, Quest capital finance, had its office in California. It was incorporated in Nevada. It never conducted business in Massachusetts and was not registered to do business in Massachusetts
(3) location of pertinent documents and records: The large majority of documents and records are in California
(4) disruption of defendant's or witnesses business or personal lives: The defendant has a wife and children in California, as do the defendant's witnesses

(5) expense to the parties or witnesses: Since the defendant and his witnesses are in California the expense for hotels and airfare will be substantial for the government. The defendant will need to stay in a hotel during the trial. He also has the cost of airfare.

See, for a discussion of above points, *Platt v. Minnesota Mining & Manufacturing Co.*, 376 U.S. 240, 244, 84 S.Ct. 769, 771, 11 L.Ed.2d 674 (1964).

Basically these factors contribute towards weighing the inconvenience to the defendant or witnesses against any inconvenience or prejudice resulting to the government, see e.g. United States v. Calabrese 645 F. 2d 1379 (10th Cir.), cert. denied, 451 USW 1018 (1981). At least one court has held that the government's convenience is a factor given little weight when other considerations of convenience suggest transfer is the preferred approach. Thus the expense of the government would not prevent transfer where there is manifest inconvenience to the parties or witnesses. See United States v Gruberg, 493 F. Supp 236 (S.D. N.Y. 1979)

CONCLUSION

Based on the foregoing, defense requests the Motion be allowed after argument.

THE DEFENDANT

By his Attorneys,

/s/ Geoffrey G. Nathan, Esq.

_____

**Geoffrey G. Nathan**
**BBO #552110**
**132 Boylston Street – 5th Floor**
**Boston, MA 02116**
**(617) 472-5775**
**(617) 262-1060 x31**
**(617) 479-0917 fax**



CERTIFICATE OF SERVICE
I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand.
Date: 7/2/14    ECF