UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 13-10275-PBS |
| | ) | |
| (1) DAMIEN HESS | ) | |
| Defendant. | ) | |

## PRELIMINARY ORDER OF FORFEITURE

**SARIS, D.J.**

WHEREAS, on September 25, 2013, a federal grand jury sitting in the District of Massachusetts returned an eight-count Indictment charging the defendant Damien Hess (the "Defendant"), with Conspiracy, in violation of 18 U.S.C. § 371 (Count One), and Wire Fraud, in violation of 18 U.S.C. § 1343 (Counts Two through Eight);

WHEREAS, the Indictment also contained a forfeiture allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of any offense alleged in Counts One through Eight of the Indictment, of any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offenses, including but not limited to the sum of at least $2,881,925, which represents the proceeds of the offenses. The property to be forfeited by the Defendant includes, but is not limited to, the following:

   a. One carbon black 2010 Buick Enclave four door CXL, bearing California registration number 6MND710 and vehicle identification number 5GALVCEDIAJ212575;

   b. One black 2009 H2 Hummer four door SUV, bearing California registration number 6KXK234 and vehicle identification number 5GRGN83239H100294;

   c. One black 2010 Cadillac Escalade four door AWD, bearing California registration number 6LRS 176 and vehicle identification number 1GYUKDEF7AR202874; and

      d.      One black 2010 Chevrolet Camaro two door, bearing California registration number 6TVNl13 and vehicle identification number 2GIFTIEWXA9187106;

WHEREAS, on November 14, 2014, the United States filed a Bill of Particulars for Forfeiture of Assets, providing notice of specific property that the government intended to forfeit pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) as a result of violations of 18 U.S.C. § 371 and 18 U.S.C. § 1343;

WHEREAS, the Bill of Particulars identified any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offenses, including but not limited to the following:

      a.      $969.25 in United States currency, seized October 11, 2013, from Wells Fargo Bank Account number ending in 4130, held in the name of Hyperion Capital Inc.; and

      b.      $21,111.93 in United States currency, seized on October 11, 2013, from Wells Fargo Bank Account number ending in 9149, held in the name of Hyperion Capital.

(collectively, including the assets previously listed, the "Properties")

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p);

WHEREAS, on November 14, 2014, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Eight of the Indictment, pursuant to a written plea agreement that he signed on November 14, 2014;

WHEREAS, in Section 10 of the plea agreement, the Defendant admitted that the Properties are subject to forfeiture because they constitute, or are derived from, proceeds traceable to the commission of the offenses charged in Counts One through Eight of the Indictment;

WHEREAS, in light of the Defendant's guilty plea and admissions in the plea agreement, the United States has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty, and accordingly, the Properties are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Properties.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the government has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty.

2. Accordingly, all of the Defendant's interests in the Properties are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

3. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Properties and maintain them in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Properties.

5. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Properties to be forfeited.

6. Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 28 U.S.C. § 2461(c), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Properties, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Properties, any additional facts supporting the petitioner's claim, and the relief sought.

7. Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 28 U.S.C. § 2461(c), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Properties.

8.      Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

9.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

                                                  PATTI B. SARIS
                                                  Chief United States District Judge

Dated: _____