| | | |
|---|---|---|
| State of Massachusetts | ) | U. S. Federal District Court |
| City of Boston | ) | Honorable Patti Saris |
| United States | ) | |
| VS | ) | |
| Damien J. Hess EN PRO SE | ) | Case No. 13CR10275(LTS) |

**Defendant Damien Hess' Pro Se Motion Requesting Removal of Legal Counsel and Rescheduling of Sentencing Date.**

Damien J. Hess moves the court to remove Attorney Geoffrey Nathan because Counsel's performance fell below the Standard of Conduct and Ethics based on the prevailing norms of his chosen profession. I, Damien, have a total loss of faith and confidence in my current legal representative and counsel, as well as an irretrievable breakdown in communications. Claims of ineffective assistance of counsel are reviewed under a two-part test: (1) a demonstration that counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms and (2) a showing that the deficient performance resulted in prejudice. (Strickland v. Washington, 466 U. S. 668, 687-88, 104 S. Ct, 2052, 80 L.ED.2d 674 (1984).

I, Damien Hess, am currently contemplating likely post-conviction relief pursuant to 18 USC s. 2255: however, such relief is not available until sentence is imposed. This leaves myself in the unacceptable and untenable position of having to proceed to sentencing with a lawyer with whom I no longer have confidence and/or a meaningful communications with. I, Damien, am asking this court to remove Geoffrey Nathan and grant me a 30 day continuance of the sentencing date in order to allow substitute counsel adequate time to prepare for sentencing. It is

of my opinion that Mr. Nathan's performance has been sub-standard from the very beginning from which he was retained. This deficient in his performance has led us to this point and time. "Competent handling of a particular matter includes inquiry into and analysis of the factual and legal elements of the problem, and use of methods and procedures meeting the standards of competent practitioners. It also includes adequate preparation. The required attention and preparation are determined in part by what is at stake; major litigation and complex transactions ordinarily require more extensive treatment than matters of lesser complexity and consequence." (Rules of Professional Conduct: Rule 1.1—Competence. DC Bar) During the period of representation by Geoffrey Nathan the legal services provided by Mr. Nathan fell below an objective standard of conduct based on the following:

1. Upon being retained, I, Damien J. Hess, sent Mr. Nathan an outline in which I stated that were errors in the indictment. These errors are, but not limited to: The case was filed in the wrong jurisdiction and I had proof to that affect and Mr. Nathan chose to ignore these facts. The window for filing a motion to move the jurisdiction has since passed.

2. In the later months of 2013, we asked Mr. Nathan if he wanted me to provide him with all of the evidence so that he could review it. He stated that he would not need that evidence until the summer of 2014. Other than a few documents that Mr. Nathan gleaned to pursue his own intentions in August of 2014, he has never asked for nor ever reviewed the thousands upon thousands of documents that we at his disposal. As of the date of this motion he has still never wanted to look at any of our evidence. I, Damien, believe that the defense materials are likely of an exculpatory nature. When the prosecution delivered their discovery, I asked Mr. Nathan if he wanted the evidence to refute the prosecutions findings and he said that now was not the time.

3. Mr. Nathan resorted to scare tactics when he was talking to myself or other members of my family. The term Fear mongering comes to light when I try and describe the methods is tried using. He stated at one point that I needed to make a plea because the Prosecutor was going after my wife, Amber, and my mother, Paula. Those accusations has since been dropped.

4. Throughout this entire case, except on one occasion, Mr. Nathan never objected to or tried to file any motions or objections on my behalf. It is unclear to myself as well as other members of my inner circle exactly what he was doing in the hearings throughout this case. *It should be noted here:* from October of 2013 up to and through August of 2014, Mr. Nathan dis not possess nor did he ever ask for any evidence in this case. I find it unimaginable how he could sit at all of the pretrial hearings and not file any motions nor object to anything the prosecutor was filing or discussing in my case.

5. In August 2014, after trying on numerous occasions to reach Mr. Nathan, I sent Mr. Nathan a very detailed and harsh letter telling him my displeasure in his handling of my case. I expressed that he would be held liable for his actions. He sent back an email that stated if I wanted him to file a Motion to Dismiss my case, that I was to write and sign a letter of apology to him. We accommodated his request and he chose not to file my motion anyways. His excuse for not filing the Motion was that he would be sanctioned by the judge in this case, Patti Saris. He did however use evidence in that Motion, written by someone else, to ask for a Change of Venue Motion which would have sent the case to the wrong geographical location in Northern California. The judge denied this Motion. This speaks volumes to the fear mongering engaged by Mr. Nathan in that this was a form a verbal Blackmail.

6. In August of 2014 and again in November of 2014, Mr. Nathan violated the attorney/client privilege. Information known only to myself and Mr. Nathan was brought up at the hearing in August of 2014 by the Prosecutor in this case Sarah Bloom. She wanted to violate my probation because she was informed that I was engaging in financial transactions which violates said probation. The Magistrate assigned at this point ruled that no such violation had occurred. The information that was given to the government in November of 2014 has appeared in written form in paragraph 74 of the Presentence Investigation Report of 1/23/2015. The substance of paragraph 74 of the PSR was acquired by the government, and therefore by the Probation Department, as a result of a violation of the Attorney/Client privilege by Attorney Nathan. The inadequacy and misinformation has tainted the foundation of this privilege.

7. On numerous occasions I have sought to replace Mr. Nathan and one occasion this was denied by the judge unless I was ready to proceed with a trial that counsel was ill-prepared to conduct. My only option at this hearing was to keep Mr. Nathan against my better judgment. This further enhanced my claim of Ineffective Assistance of Counsel and the Breakdown in Communication.

8. At the hearing in October of 2014, Mr. Nathan showed up to the hearing with another attorney unknown to myself. At no time prior to this was I informed that there was another attorney on my case. I was never asked nor was I ever told by Mr. Nathan about said person. The attorneys name was Hrones. When Mr. Nathan, Mr. Hrones and their investigator, and I were speaking in the outside halls I indicated to Mr. Hrones that Mr. Nathan had never up to that point ever read the evidence that was in my possession. Upon hearing this and after questioning me, Mr. Hrones ran into the courtroom and demanded

to the Judge that he wanted himself taken off this case immediately. When the Judge didn't act fast enough he literally screamed at her to recuse himself. The Judge granted his request.

9. At the plea agreement hearing in November of 2014, Mr. Nathan stood up and addressed the court. He stated that since he was first retained up to and including these proceedings, he did not possess the resources to take this case to a trial. He indicated that the time in which to proceed with a trial was too short for him to prepare an adequate defense. Upon hearing this the Judge said that I could either proceed with a trial to be set for January 2015 or plead to the charges. After careful thought and deliberation I chose to plea as the alternative was beyond my realm of consciousness.

10. The Presentence Investigation Report was prepared on 1/23/2015. I received the document on 2/7/2015. Although objections to the PSR were due on 2/6/2015, Attorney Nathan has, as of the date of this filing, failed to review the PSR with me or make any objection to any of the guidelines calculations or facts stated therein. There has been no contact from Mr. Nathan to go over the report and review the inaccurate statements contained therein. This report contains damaging and libelous accusations that are wrought in prejudice. Also contained in the PSR is the aforementioned violation of the Attorney/Client privilege as well as blatant misrepresentations and false truths.

11. Other than the sentencing date which appears on the bottom of the Presentence Report, Mr. Nathan has had no communication whatsoever with me since December 8, 2014. I was under the impression that Attorney Nathan would have reached out to me to discuss said report and used that information to draft objections on my behalf. I am at a loss on how to proceed at this point.

12. Mr. Nathan has never reached out to myself, friends, and family members to ask for the letters of support to be addressed to this court that give this court an accurate testimonial of the character of myself, Damien J. Hess. He stated back at the hearing in November 2014 that he would help these individuals with the proper rules and method to which these letters needed to be written. He also stated that he wanted input from a friend of mine in order to draft the sentencing memo, to which he has not do either.

13. Throughout this entire case and all the time I feel he wasted, his communication and his professionalism has never been present. During this time he has pressed me to plea to crimes that I did not commit. Mr. Nathan never once asked for any evidence which would have proven my innocence and has not once discussed the discovery or has given any indication he has even read it to date. How can an attorney who knows absolutely nothing about my case, except for the evidence provided by the prosecution, advise his client to make any decisions or pleas that will adversely affect the rest of his life is beyond comprehension. Mr. Nathan, I feel was never prepared nor did he want to prepare an affirmative defense in my case. By his own omission, he did not possess the expertise nor did he have the resources to try this case. I feel that I have been railroaded by Mr. Nathan and the judicial system of these United States.

## Motion Requesting Removal of Legal Counsel

The Defendant moves the Court for the removal of counsel as the actions of Attorney Geoffrey Nathan have proved the Ineffectiveness Assistance of Counsel and the Breakdown in Communication. I, Damien J. Hess, do herby ask this court to remove Mr. Nathan as the Attorney of Record and allow adequate time for me to retain a new

attorney. I, Damien, have spoken with three separate lawyers about substitute representation, each of whom said that the two weeks left before sentencing would not be sufficient for them to / review the PSR / prepare objections / draft the sentencing memo / obtain letters of support etc. **(None of which has been done, discussed, or even raised by current counsel to date).**

Having spoken to at length, one of the three lawyers has stated that while both his current schedule and the limited time to sentencing prevent him from agreeing to come in as substitute counsel now, if allowed, he would be in a position to be ready for sentencing if this Honorable Court were to grant a 30 days or so continuance to on or about March 31 or April 1. I, Damien, implore this Honorable Court to grant this motion because I am facing the possibility of 4 years in prison and as such is entitled to competent representation at my sentencing hearing. My current counsel has ignored my request to withdraw and instead issued a series of emails yesterday afternoon saying he intended to do things now, that he should have done weeks/months ago----which he never before mentioned until I complained about and/or mentioned my intent to request for him to withdraw.

I, Damien, am asking this Honorable Court that in the interests of justice being served by the granting of this motion that no prejudice will be caused to any of the parties by granting this request for a 30 days continuance. I Damien, have complied with all the conditions of my release to date, that I am out on bail, that I have a stellar probation report, and have shown up at all of the requested hearing dates here in this building.

Respectfully Submitted,

_____   2-10-15
Damien J. Hess                    Date
Defendant