UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 13cr10275-PBS |
| | ) | |
| DAMIEN HESS | ) | |

2nd MOTION TO WITHDRAW AS COUNSEL FOR HESS

NOW COMES counsel for the defendant, Damien Hess, in the above-entitled matter and moves that he be allowed to withdraw as counsel and that an attorney from the Federal Public Defender Office be appointed. In support of said motion, undersigned counsel shows as follows:

1. Mr. Hess is the subject of a Criminal Indictment filed by the government in the above-captioned matter on September 25, 2013. The indictment alleges that Mr. Hess violated 18 U.S.C. 1343, Wire Fraud & 18 U.S.C. 1371 Conspiracy

2. Undersigned counsel was retained by Mr. Hess and entered a notice of appearance on October 10, 2013.

3. Recently, the attorney-client relationship between Mr. Hess and undersigned counsel has become fractured. Mr. Hess has been unresponsive to enable Attorney Nathan to fully prepare a sentencing memorandum. Attorney Nathan engaged the services of a federal sentencing consultant to assist in fashioning a sentencing memorandum and as a result of the two factors delineated in this paragraph the government agreed to enlarge the time for filing sentencing memorandum (and any exhibits, letters etc.) to one week before sentencing, now set down for February 27, 2015.

4. Notwithstanding this lack of communication from the defendant, counsel has been preparing for sentencing hearing.

5. The defendant has filed on February 12, 2015 a pro se motion to disqualify attorney Nathan.

4. The First Circuit Court of Appeals has noted that representation of counsel is a right of the highest order. *United States v. Proctor*, 166 F.3d 396, 401 (1st Cir.1999). The bulk of the First Circuit case law has dealt with issues involving appointed counsel. However, the Court has made clear that certain principles apply both in cases involving retained an appointed counsel.

5. In *United States v. Woodard*, 291 F.3d 95 (1st Cir.2002) the court considered a motion to substitute retained counsel but noted that the district court still had to consider its impact on "reasonable and orderly court procedure." *Id.*, at 106, *quoting*, *United States v. Poulack*, 556 F.2d 83, 86 (1st Cir.1977).

6. More recently, the Court noted that the *Woodard* Court "drew on…court-appointed counsel precedents for the proposition that '[w]hen a defendant voices objections to counsel, the trial court should "inquire into the reasons for the dissatisfaction."''" *United States v. Diaz-Rodriguez*, ___ F.3d ___, No. 12-2424 (1st Cir.2014), *quoting*, *Woodard*, *supra* at 107. In summary, the *Diaz-Rodriguez* Court clearly noted the "duty of the court to inquire about the nature of the attorney-client conflict when faced with a motion seeking substitution of retained counsel."

7. In addition to the absolute breakdown in the attorney-client relationship detailed herein, there would be no impact upon the court process because the court has the authority to appoint counsel from the federal defenders office.. Unlike many of the reported decisions

involving a motion to withdraw or a motion to substitute counsel made on the eve of trial, this matter is procedurally in the sentencing stage. There would be no prejudice upon the government by the granting of this motion.

8. Notwithstanding the basis of this motion, Mr. Hess has a Sixth Amendment right to representation going forward. It is unclear to undersigned counsel whether he has the means and resources to retain an attorney and undersigned counsel suggests that the court consider appointing counsel through the Federal Public Defender Office.

**WHEREFORE**, undersigned counsel respectfully requests to be allowed to withdraw from any further representation of Mr. Hess and that the court appoint new counsel from the Federal Public Defender Office.

Damien Hess
By his attorney,

/s/ Geoffrey G. Nathan
Geoffrey G. Nathan
B.B.O. # 552110
132 Boylston St., 5th Floor
Boston, MA 02116
Tel: (617) 472-5775

**CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants via first-class mail, postage prepaid on 2/12/2015.

/s/ Geoffrey G. Nathan
Geoffrey G. Nathan